IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40862
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR CONTRERAS PINEDA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:98-CR-3-1
- - - - - - - - - -

April 19, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Salvador Contreras Pineda appeals his sentence following his guilty plea to two counts of possession of black-tar heroin with intent to distribute, a violation of 21 U.S.C. § 841(b)(1). He argues that the district court erred in enhancing his offense level by two levels under U.S.S.G. § 2D1.1(b)(1) for possession of a weapon. The uncontradicted information in Pineda's Presentence Report ("PSR") showed that hundreds of grams of both cocaine and heroin were found along with several loaded weapons

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the house where Pineda lived with his brother, who was a codefendant, and others.  See U.S.S.G. § 6A1.3 ("court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial"); United States v. Fitzgerald, 89 F.3d 218, 223 (5th Cir. 1996) (PSR information generally bears "sufficient indicia of reliability" to be considered at sentencing for making factual determinations under the Sentencing Guidelines).  The district court did not err in implicitly determining that it was not "clearly improbable" that these guns were "connected" to Pineda's offense.  See § 2D1.1, comment. (n.3); United States v. Cortinas, 142 F.3d 242, 250 (5th Cir.), cert. denied, 119 S. Ct. 224 and 119 S. Ct. 573 (1998); United States v. Vasquez, 161 F.3d 909, 912 (5th Cir. 1998).

AFFIRMED.